IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE FRANK HALE,

     Plaintiff,

v.                                CASE NO. 4:16-cv-172-RH-GRJ

TINA M PATE,
FLORIDA PAROLE COMMISSION, et al.

     Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, a Complaint filed by

Plaintiff, an inmate confined at Central Florida Reception Center, in

Orlando, Florida, and ECF No. 2, Plaintiff's motion for leave to proceed as

a pauper.  The Court finds that leave to proceed as a pauper should be

granted for the limited purpose of dismissing this case pursuant to 28

U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief may

be granted.[1]

Plaintiff is serving a 25-year sentence imposed in Escambia County,

Florida, in February 1991.  The Complaint stems from proceedings to

---

[1]Because the Court concludes that Plaintiff's claims sound in habeas corpus,
Plaintiff is not subject to the installment-fee provisions of the PLRA.

revoke Plaintiff's conditional release.   The exhibits to the Complaint reflect that a releasee violation hearing was held on March 4, 2016, and that Plaintiff has been ordered detained at the Reception and Medical Center. ECF No. 1 at 15.   However, the Complaint does not allege that any final order of revocation has been entered.  Plaintiff contends that his constitutional rights are being violated in connection with the proceeding, including his right to counsel.  ECF No. 1 at 5-6.

Although the case has been filed as a prisoner civil rights case, because Plaintiff challenges his confinement pursuant to revocation proceedings, any relief would be in the nature of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus.").  It is clear that Plaintiff's claims in this case implicate the fact or duration of his confinement, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

For habeas corpus purposes, Plaintiff is considered "in custody pursuant to the judgment of a State court," and therefore is subject to 28

U.S.C. § 2254 and its attendant restrictions, including the requirement that he exhaust state remedies before seeking habeas relief in federal court.[2]

Further, it appears that Plaintiff's revocation proceeding is not final. Federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine.  401 U.S. 37 (1971).  "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).  "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004).  The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be

---

[2]*See Peoples v. Chatman*, 393 F.3d 1352 (11th Cir. 2004);  *Dill v. Holt*, 371 F.3d 1301 (11th Cir.2004); *Thomas v. Crosby*, 371 F.3d 782 (11th Cir. 2004).  Plaintiff's claims are subject to the exhaustion requirement of 28 U.S.C. § 2254.  Because Plaintiff's revocation occurred

raised.  *Id.* at 1263 n.6.

The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger.*   Because Plaintiff's state case is ongoing, this Court should abstain from considering claims that should be resolved in the first instance by the state courts.

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.  It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to the *Younger* abstention doctrine and pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**  this 24th  day of March 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.